UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANNE-MARIE BUBAR,            )
                             )
       Plaintiff             )
v.                           )  No. 2:16-cv-00201-JHR
                             )
NORDX,                       )
                             )
       Defendant             )

*MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S
MOTION IN LIMINE RE: DEFENDANT'S ACQUISITION OF LAB*

Plaintiff Anne-Marie Bubar moves *in limine* to exclude any and all evidence that defendant NorDx "hired" her at an advanced age; she argues that the evidence is irrelevant, Fed. R. Evid. 401, and, in the alternative, that any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, Fed. R. Evid. 403. *See* Plaintiff's Motion in Limine Regarding NorDx's Acquisition of the Biddeford Lab ("Motion") (ECF No. 34) at 1-3. For the reasons that follow, the Motion is denied.

**I. Discussion**

The plaintiff points out that the defendant produced no documents in response to her request for production of documents pertaining to the process it followed in deciding which employees of SMMC in Biddeford to retain, hire, or dismiss when it acquired the SMMC lab in 2010. *See id*. at 1-2 & Exh. A (ECF No. 34-1) thereto at 4, ¶ 6. She notes that, instead, the defendant stated: "[A]ll SMMC employees, who wanted to work at NorDx, were retained by NorDx." *Id*. at 2 (quoting Exh. A at 4, ¶ 6).

She argues that, because the defendant produced no evidence in discovery that it made an independent decision to "hire" her at an advanced age, any "hiring" evidence is irrelevant, that is,

1

would not make its alleged age discrimination either more or less probable. *See id*. at 2. In the alternative, she asserts that allowing such evidence would confuse the jury, posing "a significant danger that the jury would unfairly equate Plaintiff's 'hiring' at the age of 61 with a workplace free of age-related bias." *Id*. at 3. She also contends that lay jurors might not understand the legal consequences of a merger or acquisition, including the acquisition of employees, causing them to unfairly and incorrectly speculate that the defendant made an independent decision to hire her at age 61. *See id*. Finally, she argues that the dispositive issue is how NorDx treated its employees after the acquisition, not the circumstances in which it acquired them. *See id*.

The defendant represents that, in response to a different document request – the plaintiff's request for production of her personnel file – it produced a number of documents bearing on her hiring: (i) her application for employment with NorDx, (ii) a Driving on Company Business Agreement, (iii) an agreement to release her personnel information to NorDx, (iv) a letter dated June 30, 2010, from NorDx to the plaintiff extending "our offer of employment" on certain terms and conditions, including offered wages and schedule, which contains her signature dated July 24, 2010, "accept[ing] the position as offered above[,]" and (v) her acknowledgement of receipt of the NorDx employee handbook. Defendant NorDx's Memorandum in Opposition to Motion in Limine Regarding NorDx's Acquisition of the Biddeford Lab ("Opposition) (ECF No. 41) at 3-5 & Exhs. A-E (ECF Nos. 41-1 to 41-4 & 44-1) thereto.

The defendant argues that (i) this evidence demonstrates that it "hired" the plaintiff, (ii) the evidence is relevant in that it tends to show that it had a broad, nondiscriminatory policy to hire every qualified SMMC lab employee who wished to work for it, regardless of age, and (iii) there is no risk of undue prejudice or jury confusion because the plaintiff can make clear to the jury that the defendant had a broad policy to hire anyone who was working at the SMMC lab and is free to

argue that this weakens the inference that it did not discriminate against her based on her age. *See id*. at 5-6. The defendant disputes that there is any need for the jurors to grapple with (and, hence, be confused by) the legal consequences of mergers or acquisitions. *See id*. at 7-8.

I agree. The defendant clearly "hired" the plaintiff. That is relevant to whether it harbored discriminatory animus based on age. *See, e.g., United States v. Maravilla*, 907 F.2d 216, 222 (1st Cir. 1990) ("Under our system, molded by the tradition of jury trial and predominantly oral proof, a party offers his evidence not *en masse*, but item by item. An item of evidence need not prove conclusively the proposition for which it is offered. A brick is not a wall.") (citation and internal punctuation omitted). The plaintiff is free to adduce her own evidence of the circumstances in which the hiring was made and to argue that those circumstances weaken any inference of nondiscrimination. *See, e.g., id*. at 221-22 (affirming trial court's admission, in prosecution stemming from victim's death by gunshot, and over objections on relevance, waste of time, and unfair prejudice grounds, of evidence that defendant customs officer owned gun and attempted to have its barrel replaced following victim's death; noting, "The fact that [the defendant] might have had a good reason, consistent with innocence, for owning a gun, makes the evidence less probative, not irrelevant.").

Finally, the probative value of the defendant's hiring evidence is not "*substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403 (emphasis added). As the defendant argues, *see* Opposition at 7, there is no need for the jury to examine the legal consequences of mergers and acquisitions. Indeed, there is no fundamental disagreement that the defendant's policy was to retain those SMMC lab employees who wished to continue to work in the lab under its direction. A jury is capable of understanding

3

the facts of the plaintiff's hiring and assessing the degree to which those facts bear on the defendant's alleged age discrimination.

## II. Conclusion

For the foregoing reasons, the Motion is **DENIED**.

Dated this 7th day of April, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge