UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANNE-MARIE BUBAR, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 2:16-cv-00201-JHR |
| NORDX, | ) | |
| Defendant | ) | |

### MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY RE: OTHER EMPLOYEES' ALLEGED MISTAKES

Defendant NorDx moves *in limine* to exclude plaintiff Anne-Marie Bubar's expected testimony concerning other employees' mislabeling of specimens for which they allegedly received no corrective action; it argues that she lacks the requisite personal knowledge to offer such testimony, virtually all of which is inadmissible hearsay. *See* Defendants' Motion *in Limine* To Exclude Testimony of Alleged Mistakes of Other NorDx Employees ("Motion") (ECF No. 33) at 1. For the reasons that follow, I deny the Motion without prejudice on the question of whether the plaintiff's expected testimony regarding lab errors is admissible and grant the Motion with respect to testimony regarding corrective action.

### I. Discussion

The plaintiff disclaims any intent to testify regarding whether other employees were disciplined for errors, and, accordingly, the Motion is granted to that extent. *See* Plaintiff's Opposition to Defendant's Motion *in Limine* To Exclude Testimony of Alleged Mistakes of Other NorDx Employees (ECF No. 55) at 2. However, she argues that she has the requisite personal knowledge to testify to other employees' mistakes, both on the basis of (i) her own observations

1

and (ii) statements made to her by fellow lab employees that she argues are not inadmissible hearsay but, rather, admissions of a party-opponent pursuant to Federal Rule of Evidence 801(d)(2)(D). *See id*. at 2, 4-6; *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 116 (1st Cir. 2003) (party invoking Rule 801(d)(2)(D) "must establish, by a preponderance of the evidence, (1) that an agency relationship existed; (2) that the statements were made during the course of the relationship; and (3) that the statements relate to matters within the scope of the agency").

I deny the Motion, without prejudice to being reasserted at trial, on whether specific testimony offered to demonstrate other employees' lab errors is admissible but make the following observations with respect to Rule 801(d)(2)(D):

1. "[H]allway gossip" – that is, "unattributed statements repeated by party-opponents" – is not admissible. *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34 (1st Cir. 1998) ("As the original declarant is unknown, it is impossible to determine whether the original declarant also fits within the party-opponent definition, and thus the exclusion of such office gossip was proper.").

2. Assuming that the declarant is known, "[a]n agency relationship must be shown to exist by independent evidence before out-of-court statements by a purported agent can be deemed admissions by a party-opponent[,]" *Gomez*, 344 F.3d at 116. *See also* Fed. R. Evid. 801(d)(2) (a proffered out-of-court statement "does not by itself establish . . . the existence or scope of the relationship under (D)").

3. "[T]here is nothing in Rule 801(d)(2)(D) that requires an admission be made by a management level employee[,]" *Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 8 (1st Cir. 1986), or "that the statement be shown to have been made by the employee at the instance of her employer," *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1094 (1st Cir. 1995).

## II. Conclusion

For the foregoing reasons, I **GRANT** the Motion in part, with respect to the plaintiff's testimony regarding corrective action, and otherwise **DENY** the Motion without prejudice to being reasserted at trial with respect to her testimony regarding alleged lab errors.

Dated this 7th day of April, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge