| | | |
|---|---|---|
| ANNE-MARIE BUBAR, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:16-cv-00201-JHR |
| | ) | |
| NORDX, | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF POST-TERMINATION COMPARATOR EVIDENCE

Plaintiff Anne-Marie Bubar moves *in limine* for a determination of the admissibility of certain comparator evidence regarding defendant NorDx's alleged failure to discipline similarly situated employees who made errors in the lab after the plaintiff's employment was terminated. *See* Plaintiff's Motion in Limine Regarding the Admissibility of Post-Termination Comparator Evidence ("Motion") (ECF No. 35) at 1.  The plaintiff requests that (i) the defendant be precluded from making relevance objections based on timing given its asserted spoliation of evidence in closer temporal proximity to her termination, (ii) as a result of the asserted spoliation, the court impose a negative inference that so-called "req check," or requisition check, slips destroyed by NorDx between March 2015 and June 2016 were unfavorable to its position in this lawsuit, and (iii) the court rule in favor of admitting evidence concerning the req check slips. *See id*. at 3-4.

The defendant states that it has no objection to a ruling *in limine* that comparator evidence in the form of req check slips in Exhibit C to the Motion is not inadmissible because the slips were created after the plaintiff's termination in February 2015.  *See* Memorandum in Opposition to Plaintiff's Motion *in Limine* Regarding the Admissibility of Post-Termination Comparator

1

Evidence ("Opposition") (ECF No. 43) at 3; Exh. C (ECF No. 38) to Motion. Accordingly, without objection, I grant the Motion to that extent. For the reasons that follow, I deny the Motion to the extent that the plaintiff requests the imposition of an adverse inference with respect to the req check slips and reserve ruling until trial as to the admissibility of her comparator evidence.

## I. Discussion

### A. Spoliation

With regard to spoliation, the First Circuit has explained:

> We have held with some regularity that a trier of fact may (but need not) infer from a party's obliteration of [evidence] relevant to a litigated issue that the contents of the [evidence] were unfavorable to that party. But cases are not decided on that theory alone. Before an inference of spoliation may be drawn, its proponent must show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence. And there is an even more rudimentary requirement: the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e. destroyed or not preserved).

*Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012) (citations and internal quotation marks omitted).

The plaintiff provides evidence that the defendant conducts a daily req check pursuant to which, as a third step in the process of detecting errors in the handling of specimens and determining whether tests must be rerun, lab assistants and phlebotomists review all requisition slips processed in the lab and tally all errors on a req check slip. *See* Exh. A (ECF No. 35-1) to Motion at 55-57; *see also* Exh. C. The slips are stored in a filing cabinet and tallied at the end of the month for presentation at a Quality Insurance ("QI") meeting, following which they are kept for approximately an additional month and then destroyed. *See* Exh. A at 58-60. An error found during the req check process does not necessarily result in discipline. *See id.* at 58.

The plaintiff contends that the req check slips are precisely the kind of evidence that should have been considered potentially relevant to this litigation from the date that she sent a litigation

hold letter to labor counsel for MaineHealth/NorDx on March 12, 2015. *See* Motion at 2; Exh. B (ECF No. 35-2) thereto. Yet, she complains, the defendant continued to destroy evidence of errors committed in the lab by similarly situated employees from the date of the litigation hold letter, less than a month after her termination, through June 2016. *See* Motion at 2. The defendant ultimately did produce req check slips that it had retained for the period from June 2016 through January 2017; however, the plaintiff represents that it did not do so until February 2017, well after she requested that the defendant produce all policies and procedures "for corrective action" of "labeling errors[.]" *Id.*

As the defendant points out, *see* Opposition at 2, the litigation hold letter stated: "In light of this pending litigation, please consider this letter a demand that the company maintain any and all documentation and electronic evidence related to Ms. Bubar's employment[,]" Exh. B at [4]. The defendant persuasively argues that its representatives could not reasonably have been expected to consider req check slips "related to Ms. Bubar's employment" when those slips do not mention by name, initials, or other identifying detail anyone who may have mislabeled a sample, ordered an incorrect test, or made any other error. Opposition at 2; *see also* Exh. C.

The defendant points out that, tellingly, the plaintiff does *not* complain that the defendant failed to produce the req check slips in response to a request for production of documents containing wording similar to that in the litigation hold letter. *See* Opposition at 2 & Exh. A (ECF No. 43-1) thereto at 4, ¶ 2 (requesting "[a]ll other non-privileged documents [besides the plaintiff's personnel file] pertaining to or referencing Anne-Marie Bubar or her employment with NorDx, including emails, text messages, correspondence, notes, or other documents generated after the date of her separation from employment").

3

To the extent that the plaintiff relies on her March 12, 2015, litigation hold letter, she fails to show "that the opposing party had notice . . . of the relevance to [a potential] claim of the destroyed evidence." *Gomez,* 670 F.3d at 399.

While the plaintiff complains that the defendant failed to produce the req check slips in response to her June 2016 request for all policies and procedures for corrective action of labeling errors followed by the defendant, *see* Motion at 2, it is not clear how the req check slips themselves qualified as policies and procedures or, in any event, that additional documents besides those ultimately produced in February 2017 would have been available as of the due date for the response.

The plaintiff, accordingly, falls short of demonstrating the appropriateness of drawing an adverse inference that req check slips destroyed by the defendant between March 2015 and June 2016 were unfavorable to its position in this lawsuit.

### B. Admissibility of Comparator Evidence

With regard to claims of discrimination based on alleged disparate treatment, the First Circuit has explained:

> When, as now, a plaintiff alleges disparate treatment, he ordinarily has the burden of proving that the defendant took the adverse employment action (here, dismissal) because of a protected trait (here, race).
>
> ∗∗∗
>
> A claim of disparate treatment based on comparative evidence must rest on proof that the proposed analogue is similarly situated in material respects. Accordingly, the proponent of the evidence must show that the individuals with whom he seeks to be compared have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. While an exact correlation is not necessary, the proponent must demonstrate that the cases are fair congeners.

4

*Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 750-51 (1st Cir. 1996) (citations and internal quotation marks omitted).

The plaintiff contends that the req check slips "are obviously relevant to the issue of whether similarly situated younger employees currently working in the lab at NorDx are treated more favorably than [she] was in 2015[,]" as a result of which the court should rule in favor of admitting evidence concerning those slips. Motion at 4.

I decline to rule on the admissibility of those documents in advance of trial, when the plaintiff can attempt to lay an appropriate foundation for their admission and I can rule on objections (other than timing-based ones) that the defendant indicates it intends to make at that time. *See* Opposition at 1, 3.

## II. Conclusion

For the foregoing reasons, I **GRANT** the Motion, without objection, insofar as I rule that comparator evidence in the form of req check slips contained in Exhibit C to the Motion are not inadmissible because they were created after the plaintiff's termination of employment, **DENY** the Motion to the extent that the plaintiff seeks the imposition of an adverse inference based on spoliation of req check slip evidence between March 2015 and June 2016, and otherwise reserve ruling until trial as to the admissibility of her comparator evidence in the form of the req check slips contained in Exhibit C to the Motion.

Dated this 7th day of April, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge