# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANNE-MARIE BUBAR, )<br>)<br>Plaintiff )<br>v. )<br>)<br>NORDX, )<br>)<br>Defendant ) | No. 2:16-cv-00201-JHR |

### MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY BY OR ABOUT JASON COOK

Defendant NorDx moves *in limine* to exclude testimony by or about former NorDx employee Jason Cook on the bases that plaintiff Anne-Marie Bubar failed to disclose her intent to call him as a witness until March 29, 2017, and that the evidence constitutes inadmissible character evidence and is unfairly prejudicial. *See* Defendant's Motion in Limine To [Exclude] Testimony by or about Jason Cook ("Motion") (ECF No. 64) at 1. I agree that the disclosure is untimely and that the allowance of the Cook testimony would be prejudicial and grant the Motion on that basis.

## I. Discussion

The plaintiff does not deny that she first disclosed Cook as a witness in a trial witness list filed on March 29, 2017. *See* Plaintiff's Opposition to Defendant's Motion *in Limine* To Exclude Testimony by or about Jason Cook ("Opposition") (ECF No. 66) at 2-4. However, she contends that the defendant is responsible for the lateness of the Cook witness disclosure and, in any event, would suffer no prejudice were the Cook testimony allowed. *See id*. Neither argument is persuasive.

With respect to timeliness, the plaintiff contends that the defendant refused to permit inquiry about Cook or to supplement its discovery responses, preventing her from disclosing Cook

sooner. *See id*. at 2-3. She points to objections that the defendant interposed to (i) an interrogatory on September 12, 2016, and (ii) a line of questioning at its Rule 30(b)(6) deposition on January 6, 2017. *See id*.

In the interrogatory at issue, the plaintiff asked the defendant to state whether it or any of its agents had "been a party to or in any way involved in another employment-related allegation, investigation, claim or lawsuit before a court or administrative body . . . in the past ten years, and for each such claim or lawsuit, state the subject matter involved, the caption and/or docket number, and how the claim was resolved." Exh. A (ECF No. 66-1) to Opposition at 12-13, ¶ 21. The defendant did not answer, but rather interposed this objection:

> Defendant objects to this interrogatory as overly broad, unduly burdensome, as seeking information that is neither relevant nor likely to lead to the discovery of admissible evidence, and as seeking private and confidential information of third persons who are not parties to this matter. Defendant further objects to this interrogatory as vague in that the terms "in any way involved" and "allegation…claim" are not defined or capable of interpretation leading to an appropriate or complete response, and because this interrogatory seeks information that may be deemed confidential by law, by administrative regulation and/or by contract.

*Id*. at 13, ¶ 21.

The plaintiff states that, "[r]ather than waste the Court's time with a discovery conference to compel an answer to this interrogatory, [she] undertook depositions." Opposition at 2. During the defendant's Rule 30(b)(6) deposition, the defendant's corporate designee, Rachel Roy, testified that she thought there had been two claims in the past 10 years, one of which was brought by Jason Cook. *See* Exh. B (ECF No. 66-2) to Opposition at 29-30. The plaintiff's counsel inquired as to the nature and timing of Cook's claim, and Roy testified that it was a discrimination claim brought in 2013 or 2014. *See id*. at 30. The defendant's counsel then objected that she believed the Cook claim was the subject of "a pending Commission claim; so we would be bound by the

confidentiality order of the Commission not to discuss the case outside of the Commission's process." *Id*. The plaintiff's counsel responded, "That's fine. We can get that later." *Id*. at 31.

The plaintiff now argues that, pursuant to Federal Rule of Civil Procedure 26(e), the defendant "was required to supplement or correct this information about the confidentiality of Mr. Cook's pending claim 'in a timely manner'" and "should not be permitted to now benefit from that failure to supplement discovery responses." Opposition at 3. However, Rule 26(e) is inapposite.

Rule 26(e) requires supplementation or correction of an initial disclosure or a response to an interrogatory, request for production, or request for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

Rule 26(e), on its face, does not pertain to depositions. While it does pertain to interrogatory responses, the information that the plaintiff contends should have been supplemented or corrected took the form not of a "response" but of an objection by counsel. In any event, the plaintiff eventually did learn the information that she contends the defendant should have provided, although she does not indicate how or when, seemingly obviating the need for supplementation or correction pursuant to the rule. *See* Opposition at 3. Moreover, even if the defendant had a duty pursuant to Rule 26(e) to supplement its objection, it is difficult to see how the duty would have been triggered. The objection stated, in relevant part, that the interrogatory sought "private and confidential information of third persons who are not parties to this matter" and "information that may be deemed confidential by law, by administrative regulation and/or by contract[,]" Exh. A at 13, ¶ 21, all of which could have remained the case even after the Commission closed the Cook claim.

The plaintiff chose not to bring the matter to the court's attention, either following the defendant's September 2016 objection to her interrogatory or its January 2017 objection to her line of questioning regarding Cook, when it could have been addressed well before trial and possibly even before the close of discovery on January 20, 2017. *See* ECF No. 17. Nor did she list Cook as a potential witness in her final pretrial memorandum filed on February 9, 2017, *see* ECF No. 27 at 4, or raise the matter during the parties' final pretrial conference on February 16, 2017, *see generally* ECF No. 29. Instead, she listed Cook as a witness for the first time in her March 29, 2017, trial witness list, *see* ECF No. 50. The defendant's counsel then promptly raised the issue during my conference with counsel on an unrelated trial matter on March 31, 2017, leading to the filing of the instant Motion. In these circumstances, the tardiness of the Cook witness disclosure cannot be laid at the defendant's feet.

Nor does the plaintiff persuasively argue that there is no prejudice to the defendant. The defendant argues that it was not placed on notice that the Cook evidence might be at issue in this case within a reasonable time in advance of trial to respond to and defend against that evidence, *see* Motion at 1-2, indicating that it would need to call Cook's supervisors (who were not the same supervisors as the plaintiff had) to defend against the Cook evidence, *see id*. at 3-4.

The plaintiff clarifies that, as concerns the Cook evidence, she intends to focus on the narrower issue of requests that she and Cook made for reasonable disability accommodations, which were denied by the same individual, the defendant's Human Resources Partner, Rachel Roy, and have nothing to do with her supervisors or those of Cook. *See* Opposition at 1-2. She contends that (i) "[t]here is no straight-faced argument that NorDx is prejudiced by [the Cook] information or that it lacked . . . notice of Mr. Cook's claim[,]" (ii) the defendant could have taken Cook's deposition because it knew he was alleging a failure to accommodate, and (iii) the defendant will

4

suffer no prejudice because she disclosed Cook as a witness on March 29, 2017, and produced documents received by him, and the defendant had ample opportunity to brief its objection *via* the instant Motion. *Id*. at 3.

However, the timing of the witness disclosure, alone, weighs heavily in favor of a finding of unfair prejudice. The witness was first disclosed only three business days prior to the jury's empanelment and eight business days prior to trial. While the parties expedited briefing of this Motion, and the court expedited its consideration of the same, this decision is being rendered on the eve of trial. The defendant cannot fairly have been expected to have anticipated the use of Cook as a witness absent the plaintiff's disclosure. Plainly, it would have to adjust its trial strategy to counter the Cook evidence, potentially with witnesses and/or exhibits it had not planned to use, even if, as the plaintiff suggests, Cook's supervisors are irrelevant. Indeed, the fact that the defendant misunderstood the purpose for which the plaintiff intends to call Cook further underscores the prejudice of allowing this evidence at the 11th hour. *See 165 Park Row, Inc. v. JHR Dev., LLC*, No. 2:12-cv-106-NT, 2013 WL 633403, at *5 (D. Me. Feb. 20, 2013) ("[T]he mere fact that the defendants 'knew of' the declarants before the plaintiff used them as witnesses in its response to the motion for summary judgment is not, as the plaintiff would have it, sufficient to absolve the plaintiff of its duties under Rule 26 and, more generally, not to engage in litigation by ambush.").[1]

---

[1] Two cases cited by the plaintiff in support of the proposition that there is no prejudice here, *Fairweather v. Friendly's Ice Cream, LLC*, No. 2:13-cv-00111-JAW, 2015 WL 348033 (D. Me. Jan. 23, 2015), and *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, 290 F.R.D. 11 (D. Mass. 2013), *see* Opposition at 3-4, are distinguishable. In *Fairweather*, the plaintiff was aware of the potential that three witnesses undisclosed by the defendant might be called as witnesses, in that she had listed two of them in her own initial disclosure and the third in response to an interrogatory as someone with knowledge of the facts she alleged in her complaint or charge. *See Fairweather*, 2015 WL 348033, at *4. In this case, while the defendant was aware of Cook's claim of discrimination, there is no evidence that it was aware before March 29, 2017, that Cook could be called as a witness. In *Glass Dimensions*, in declining to apply the default sanction pursuant to Federal Rule of Civil Procedure 37(c)(1) of preclusion of an untimely disclosed expert report, the court explained: "Most importantly, this case is months from trial. As a result, this court can cure any prejudice to Defendants by allowing one of Defendant's experts

Had the plaintiff listed Cook as a potential witness in her pretrial memorandum on February 9, 2017, or raised the issue during the final pretrial conference on February 16, 2017, there would have been time to mitigate the prejudice of the tardy disclosure and stay on track for trial. I then could have considered, by way of a motion *in limine* and/or at trial, whether the Cook evidence should be admitted based on the "me too" or "analogue" evidence theory the plaintiff describes in her brief. *See* Opposition at 4-7. Now, it is too late.

## II.     Conclusion

For the foregoing reasons, the Motion to exclude testimony by or about Jason Cook is **GRANTED**.

Dated this 8th day of April, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

the opportunity to respond to the [report]." *Glass Dimensions*, 290 F.R.D. at 17. This case is on the eve of trial, preventing the court from mitigating the prejudice to the defendant.